Olen Maffett **POUND** (doing business as **Coles Point Marina**), Plaintiff–Appellant,

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5112.

United States Court of Appeals, Federal Circuit.

DECIDED: April 10, 2003.

Before LINN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Olen Maffett Pound ("Pound") appeals from a judgment of the United States Court of Federal Claims dismissing, on res judicata grounds, Pound's claim that the termination of his lease by the United States Army Corps of Engineers ("Corps") was a breach of that lease, and dismissing for lack of jurisdiction Pound's claim that the Corps breached an oral contract concerning the potential transfer of the lease to a third party. *Pound v. United States,* No. 94–496C (Fed.Cl. Aug.30, 1996) (*"Pound I"*). Pound also appeals from the subsequent decision by the Court of Federal Claims awarding the government a net recovery of $130,756.86 on its counterclaim for damages resulting from its cleanup and restoration of the property Pound leased. *Pound v. United States,* 51 Fed. Cl. 712 (2002) (*"Pound II"*). We *affirm* the judgment of the Court of Federal Claims in all respects.

## BACKGROUND

Pound assumed a leasehold interest in a marina site on Sardis Lake, Mississippi, in 1970. The lease provided that Pound could not assign it or sublet the premises without the approval of the District Engineer. In November 1989, Pound was convicted of drug trafficking charges and was sentenced to 240 months' imprisonment.

In 1990, the Contracting Officer revoked Pound's lease, citing Pound's conviction and absence from the premises. Pound appealed the officer's final decision to the Corps of Engineers Board of Contract Appeals ("Board"); however, in December 1990, Pound asked the Board to suspend his appeal during settlement negotiations.

The Board dismissed the appeal without prejudice on December 20, 1990. In its order, however, the Board stated that "[i]f no action by either party is taken to reinstate the appeal within three (3) years from the date of this Order, the dismissal shall be deemed WITH PREJUDICE." *In re Cole's Point Marina,* ENG BCA No. 5778, slip op. at 1 (Corps Eng'rs Bd. Contract App. Dec. 20, 1990). Pound never reinstated this appeal.

Between December 1990 and February 1992, Pound and the Corps discussed the possibility of transferring Pound's lease to a third party. In October 1991, Pound provided the Corps with a copy of a written agreement to transfer his lease to two individuals. However, the District Engineer did not approve this proposal.

In May 1992, Pound filed a certified claim for breach of contract against the United States; this claim was denied in its entirety in July 1993. Pound then filed a complaint in the Court of Federal Claims in August 1994. The complaint alleged that the revocation of the lease constituted a breach of contract ("Count I"), that the government had also breached an oral contract to approve the transfer of the lease to an acceptable transferee ("Count II"), and that the Corps had breached the lease by failing to give Pound adequate time to remove his personal property from the premises ("Count III").

The court dismissed Count I on res judicata grounds, because Pound had previously challenged the termination before the Board, and that suit had been dismissed with prejudice. *Pound I,* slip op. at 10–12. The court also dismissed Count II, holding that Pound argued that the government had an "equitable obligation" to consider proposed transfers, but that "[s]uch an obligation is enforceable, if at all, only as a contract implied in law, and hence this court is not given jurisdiction to consider

it." *Id.,* slip op. at 14. After a subsequent trial on Count III, the court found that the value of the personalty and fixtures that Pound could have removed on adequate notice was $2,050, but that the government was entitled to an offset in the amount of $132,806.86 on its counterclaim for repair and restoration costs. *Pound II,* 51 Fed. Cl. at 713.

## DISCUSSION

Pound makes three arguments on appeal. First, he argues that Count I should not have been dismissed on res judicata grounds, because the dismissal with prejudice was not a judgment on the merits of his claim, and he only failed to reinstate his appeal before the Board on "the ill advice of his attorney." Pound also argues that the Corps had no valid reasons to reject the proposed transfer of the lease, and the Court of Federal Claims should have found a breach of contract on Count II. On Count III, Pound appears not to challenge the factual findings of the Court of Federal Claims, but argues for a new trial because he "was denied the opportunity to be present at [his] trial."

We review the decision of the Court of Federal Claims for errors of law and for clearly erroneous findings of fact. *Banks v. United States,* 314 F.3d 1304, 1307 (Fed. Cir.2003).

### I

 Pound's contention that a dismissal with prejudice does not function as a decision on the merits for res judicata purposes is incorrect. Such a dismissal does in fact serve to preclude a later suit on the same cause of action. *Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 327, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) (holding that a "judgment dismissing the previous suit 'with prejudice' bars a later suit on the

same cause of action"). Nor is the fact that the first decision on the merits was rendered by an administrative tribunal a bar to the application of res judicata. "We have long favored application of the common-law doctrine[ ] of . . . res judicata . . . to those determinations of administrative bodies that have attained finality." *Astoria Fed. Savs. and Loan Ass'n v. Solimino,* 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); *see United States v. Utah Constr. and Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."). Furthermore, Pound's argument that his attorney was responsible for failing to reinstate his Board appeal is unavailing. It was clear from the Board's order that the dismissal would be with prejudice if the suit were not reinstated within three years, and Pound is accountable for the acts and omissions of his attorney. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (noting that allowing a party to "avoid the consequences of the acts or omissions of [his] freely selected agent" would be "wholly inconsistent with our system of representative litigation" (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962))).

Pound sought to challenge the Corps' early termination of his lease in both his dismissed Board action and in Count I of his suit in the Court of Federal Claims. Furthermore, both actions involved the same parties. Accordingly, the Court of Federal Claims did not err in concluding that Pound's Count I was barred under the doctrine of res judicata.

## II

■ Pound's suit was based on the Tucker Act, which gives the Court of Federal Claims jurisdiction over, inter alia, any "claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (2000). Pound acknowledges that the contract required the written approval of the District Engineer for any assignment of the lease, and that such approval was never granted; Count II was thus not based on an alleged breach of an express contract. The Supreme Court has held that "[Tucker Act] jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." *Hercules, Inc. v. United States,* 516 U.S. 417, 423, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996). A contract implied in law is "a 'fiction of law' where 'a promise is imputed to perform a legal duty.'" *Id.* at 424, 116 S.Ct. 981 (quoting *Baltimore & Ohio R.R. Co. v. United States,* 261 U.S. 592, 597, 58 Ct.Cl. 709, 43 S.Ct. 425, 67 L.Ed. 816 (1923)). Pound's breach of contract argument was, as the Court of Federal Claims held, based on a contract implied in law, because in order to find a breach we would first have to impute to the Corps a legal duty to approve Pound's proposed transferees. Accordingly, the Court of Federal Claims was without jurisdiction under the Tucker Act to consider this claim, and the court did not err in dismissing it.

## III

■ Finally Pound argues that he was denied an "opportunity to be present at [his] trial." The Court of Federal Claims found that "during trial, [Pound] made the decision, without objection from the government, to rely, in lieu of his own live testimony, on his June 28, 2001 deposition,

which was made an exhibit to the trial record." *Pound II,* 51 Fed.Cl. at 713 n. 1. It appears from the record that that finding was not clearly erroneous: Pound's attorney stated at trial that "we agreed ... to allow [Pound's] deposition that could lead to settlement." Trial Tr. at 390. The court then stated its understanding that the deposition would be used despite the failure to reach a settlement: "[M]y understanding was that we were going to use the rest of that time to see if the parties could reach settlement. Not having reached settlement, we lost the opportunity to do it, so we are going to use [Pound's] deposition." Trial Tr. at 391. Pound is, as noted above, accountable for the acts of his attorneys, *Pioneer Investment Services Co.,* 507 U.S. at 396, and provides no reason why he should be relieved from that accountability.

The judgment of the Court of Federal Claims is affirmed in all respects.